United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-13982-amc |
| Anthony J. Costanzo | Chapter 13 |
| Kimberly A. Katchen-Costanzo | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 24, 2022 | Form ID: pdf900 | Total Noticed: 3 |

The following symbols are used throughout this certificate:
**Symbol   Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 26, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Anthony J. Costanzo, Kimberly A. Katchen-Costanzo, 532 S. Taney Street., Philadelphia, PA 19146-1045 |
| cr | | US Bank Trust National Association, Not In Its Ind, Fay Servicing, LLC, PO Box 814609, Dallas, TX 75381-4609 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: bnc@atlasacq.com | Feb 24 2022 23:41:00 | Atlas Acquisitions LLC, 492C Cedar Lane, Ste 442, Teaneck, NJ 07666 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 26, 2022      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 24, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| JOSHUA I. GOLDMAN | on behalf of Creditor U.S. Bank National Association  not individually but solely as Trustee for BlueWater Investment Trust 2017-1 Josh.Goldman@padgettlawgroup.com, angelica.reyes@padgettlawgroup.com |
| JOSHUA I. GOLDMAN | on behalf of Creditor FAY SERVICING  LLC Josh.Goldman@padgettlawgroup.com, angelica.reyes@padgettlawgroup.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Feb 24, 2022 | Form ID: pdf900 | Total Noticed: 3 |

MICHAEL A. CIBIK
    on behalf of Joint Debtor Kimberly A. Katchen-Costanzo mail@cibiklaw.com

MICHAEL A. CIBIK
    on behalf of Debtor Anthony J. Costanzo mail@cibiklaw.com

REBECCA ANN SOLARZ
    on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For
    VRMTG Asset Trust bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
    ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Anthony J. Costanzo<br>Kimberly A. Katchen-Costanzo aka Kimberly A. Katchen<br><div align="center">Debtors</div> | CHAPTER 13 |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust<br><div align="center">Movant</div><br>vs. | NO. 20-13982 AMC<br><br>11 U.S.C. Section 362 |
| Anthony J. Costanzo<br>Kimberly A. Katchen-Costanzo aka Kimberly A. Katchen<br><div align="center">Debtors</div> | |
| Scott F. Waterman, Esquire<br><div align="center">Trustee</div> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$12,926.36** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 13, 2021 to February 13, 2022 at $3,247.35/month |
| Suspense Balance: | $1,101.04 |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$12,926.36** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$12,926.36.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$12,926.36** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due March 13, 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $3,247.35 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

    4.    Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

    5.    In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

    6.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

    7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

    8.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

    9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   February 10, 2022           By: */s/ Rebecca A. Solarz, Esquire*
                                                       Attorney for Movant

Date:   February 17, 2022           /s/ Michael I. Assad
                                                       Attorney for Debtor

Date: *February 23, 2022*            /s/ *Ann E. Swartz, Esquire, for*
                                                                       Scott F. Waterman, Esquire
                                                                       Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

**Date: February 24, 2022**            _____
                                                                      Bankruptcy Judge
                                                                      Ashely M. Chan